**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**CHAMBERS OF**
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

**CLARKSON S. FISHER BLDG. &**
**U.S. COURTHOUSE**
**402 EAST STATE STREET**
**TRENTON, NJ 08608**

September 18, 2026

**LETTER ORDER**

**Re: Arti Patel, M.D. v. Optum Medical Care of New Jersey, P.C., et al.**
**Civil Action No. 24-6133 (RK) (RLS)**

Dear Counsel,

Currently before the Court is a discovery dispute between the parties regarding a request by Defendants Optum Medical Care of New Jersey, P.C. and Mahesh Tekriwal, M.D. (collectively, "Defendants") for leave to conduct further factual discovery. (Doc. No. 82). Plaintiff Arti Patel, M.D. ("Plaintiff") opposes the request. The Court has fully considered the parties' written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1 and 78.1(b). For the reasons set forth herein, the Court **GRANTS IN PART and DENIES IN PART** Defendants' requests.

The parties are familiar with the background of this matter and so the Court discusses only those facts relevant to the present dispute. This matter arises out of Plaintiff's allegations that Defendants violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*, (the "LAD") for gender discrimination, hostile work environment, and retaliation. (*See generally* Doc. No. 1). Defendants deny the allegations. (*See generally* Doc. No. 25).

Following an initial scheduling conference on August 21, 2024, the Court ordered the parties to complete all fact discovery by January 24, 2025. (Doc. No. 35). Thereafter, the parties engaged in discovery. In relevant part, Plaintiff served responses to Defendants' interrogatories and a production of documents on October 14, 2024.

As the fact discovery deadline approached, the parties reported to the Court that, due to ongoing discovery disputes and open items, they sought, among other things an

extension of the deadline to complete fact discovery. (*See* Doc. No. 46). During a status conference with the Court on January 27, 2025, the Court discussed with the parties the possibility of proceeding to mediation while holding the discovery deadlines in abeyance. (*See* ECF No. 47). Thereafter, the parties informed the Court that they agreed upon a mediator, and the Court referred the matter to mediation. (Doc. No. 49). Through the February 19, 2025 Order of Mediation Referral, the Court held the discovery deadlines in abeyance pending the mediation but instructed the parties to continue with any discovery necessary to facilitate the mediation process.[1] (Doc. No. 49 at ⁋ 4).

On May 23, 2025, the parties informed the Court that the mediation was unsuccessful in reaching a resolution of this matter. (Doc. No. 52). Accordingly, the Court reset the discovery deadlines, including a deadline to complete fact discovery of September 25, 2025. (Doc. No. 53). Nevertheless, on August 18, 2025, the parties requested an extension of that deadline to October 25, 2025, due to ongoing discovery efforts, including nonparty discovery and discovery disputes. (Doc. No. 58). On August 19, 2025, the Court granted that request. (Doc. No. 60).

On October 20, 2025, the parties electronically filed a joint status letter. (Doc. No. 64). Through that status letter, Plaintiff sought a further extension of discovery based on newly revealed information produced by Defendants. Defendants did "not oppose this request." (Doc. No. 64 at p. 1). Finding that Plaintiff established good cause for the extension of discovery, the Court extended the deadline to complete fact discovery yet again to December 19, 2025 and scheduled a status conference for December 17, 2025. (ECF No. 65 and Doc. No. 66).

On November 7, 2025, Plaintiff raised a discovery dispute as to certain discovery she sought from Defendants. (Doc. No. 67). The Court scheduled a hearing to address those issues on December 5, 2025 and permitted the parties to further supplement the record as to the dispute. (*See* ECF Nos. 68 and 70). During the December 5, 2025 hearing, the Court addressed the parties' disputes, granting in part and denying in part Plaintiff's requests. (*See* Doc. No. 75 and ECF No. 76). The Court, however, declined to set a firm deadline by which Defendants must provide the additional discovery permitted. On January 5, 2026, the Court held a status conference with the parties, during which Defendants provided an update as to their production of discovery. The parties also jointly requested a settlement conference to be scheduled with the

---

[1] The parties thereafter advised that they decided to mediate before a different mediator, and the Court amended the Order of Mediation Referral to reflect the newly selected mediator. (*See* Doc. Nos. 50, 51).

undersigned. During that status conference, the Court instructed the parties to meet and confer as to whether they wanted to complete discovery before the settlement conference or if they would prefer to proceed with a settlement conference without concluding fact discovery. Accordingly, the Court scheduled a follow-up conference for January 26, 2026. (*See* ECF No. 78).

On January 14, 2026, the Court entered an Order setting a Settlement Conference for April 9, 2026. (Doc. No. 79). On January 26, 2026, the Court discussed the status of this matter with counsel of record. The parties discussed an ongoing dispute over documents withheld on a privilege log, and Defendants raised that they identified a new witness that they intended to depose and that they awaited certain laboratory testing the results of which may lead to further discovery. The parties did not otherwise report that they agreed or disagreed as to suspending discovery pending the anticipated April 9, 2026 Settlement Conference.

The parties were unable to reach a resolution at the Settlement Conference on April 9, 2026. Accordingly, on April 14, 2026, the Court ordered the parties to meet and confer on a proposed schedule for any further discovery. (ECF No. 81). The next day, Defendants served Plaintiff with a letter asserting certain discovery deficiencies, Second Requests for the Production of Documents and Second Set of Interrogatories, and First Requests for Admission. After meeting and conferring and reaching an impasse, the parties raised the dispute with the Court. (Doc. No. 82).

Plaintiff argues that Defendants' April 15, 2026 discovery requests and deficiency letter are out of time and seeks the Court to bar them. Plaintiff contends that fact discovery closed on December 19, 2025, and Defendants have not shown good cause to now raise, belatedly, disputes as to discovery responses Plaintiff served in October 2024. Plaintiff further points out that Defendants' additional discovery requests relate to Defendants' allegation that Plaintiff had drank alcohol while working. Yet, according to Plaintiff, Defendants' own witnesses have testified that drinking alcohol was not a justification for her termination.

Defendants respond that their April 15, 2026 discovery requests seek only information Plaintiff was already obligated to provide, or to supplement, in the ordinary course of discovery, and that good cause exists to permit that limited, targeted discovery notwithstanding the close of fact discovery. Specifically, Defendants seek as to the alleged deficiencies: (1) clarification regarding the apparent absence of documents bearing Bates Numbers PATEL 745-877 from Plaintiff's document production; (2) supplementation, pursuant to Federal Rule of Civil Procedure 26(e), of Plaintiff's discovery responses and document production concerning communications with

individuals Plaintiff has identified as having knowledge of her alleged emotional distress, as well as her communications with recruiter Dale Linton concerning her mitigation efforts; (3) production of a text message Plaintiff sent to Lisa Gorton regarding potential employment at Cayuga Health, which Plaintiff referenced during her deposition but has not produced; (4) responses to Defendants' First Requests for Admission concerning Plaintiff's disclosure, or non-disclosure, of a pending medical malpractice action during the onboarding and hiring process and her efforts, or lack thereof, to seek a waiver of the restrictive covenant in her employment agreement; and (5) additional discovery relating to Defendants' contention that Plaintiff consumed alcohol on the job on January 26, 2024, including Plaintiff's bank and credit card statements for January 2024, location data from Plaintiff's cell phone and/or wearable devices for the period of January 22 through January 26, 2024, and health-tracking data from a Fitbit Plaintiff wore in October 2025.

Generally, parties may seek discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and that is "proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at the trial. *Id.*

The Federal Rules of Civil Procedure further provide that "the court must limit the . . . extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). "While the scope of discovery is broad, it is not unlimited . . . and should not serve as a fishing expedition." *Burgess v. Galloway*, Civ. No. 20-6744, 2021 WL 2661290, at *2 (D.N.J. Jan. 28, 2021) (citation and internal quotation marks omitted). Importantly, discovery is not limitless and may be circumscribed by the Court within the Court's discretion. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). In addition, Federal Rule of Civil Procedure 26(e) imposes on parties a continuing obligation to supplement or correct a disclosure or discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). That obligation exists independent of, and is not extinguished by, the close of fact discovery.

Having fully reviewed the parties' submissions and considering the nature of the claims and defenses at issue in this matter, the Court finds that Defendants' requests concerning the allegedly missing Bates-numbered documents, the identified emotional-distress witnesses and Dale Linton communications, and the Lisa Gorton text message, all fall within the scope of Plaintiff's ongoing obligations under Rule 26(e) of the Federal

Rules of Civil Procedure. These requests seek to ensure completion of Plaintiff's already-served discovery responses, rather than to open new lines of inquiry. In addition, Plaintiff should respond to Defendants' Requests for Admission, which are directed at streamlining, rather than expanding, the issues for trial and impose minimal additional burden. Indeed, "requests for admission are distinct from other discovery devices, and . . . a party can still be obliged to respond to a request for admission even after the close of discovery." *Shelton v. Fast Advance Funding,* LLC, 805 F. App'x 156, 158 (3d Cir. 2020). Accordingly, the Court will grant Defendants limited leave to conduct fact discovery out of time to that extent.

As to Defendants' remaining, informal request that the Court compel Plaintiff to produce her bank and credit card statements, cell phone and/or wearable device location data, and Fitbit health-tracking data, the Court reaches a different result. Even if the Court were to find these additional discovery requests were timely served, these requests seek marginally relevant information not proportional to the needs of this case.

As discussed above, Federal Rule of Civil Procedure 26(b)(1) confines the scope of discovery to non-privileged matters that are both relevant to a party's claim or defense and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relatedly, Rule 1 of the Federal Rules of Civil Procedure requires that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Here, Defendants seek additional factual discovery well after the depositions of the parties' respective witnesses, and Defendants do not sufficiently justify the delay in seeking this discovery notwithstanding their knowledge of the potential minimal import of such. It appears that these additional written discovery requests are targeted to Defendants' allegation that Plaintiff consumed alcohol on the job on January 26, 2024. However, on the present record, that alleged incident is not the proffered reason for Plaintiff's termination. As such, compelling Plaintiff to produce her personal bank and credit card records, cell phone and/or wearable device location data, and Fitbit health-tracking information at this late stage, in service of that collateral line of inquiry, is not proportional to the needs of the case when weighed against the importance of the issues actually in dispute, the parties' relative burdens, and the substantial intrusion into Plaintiff's personal financial and health information that such discovery would entail. Requiring Plaintiff to produce this information would be unduly burdensome and

contrary to the principles of promoting the just, speedy, and inexpensive resolution of this matter. The Court therefore denies Defendants' informal request to compel this additional discovery.

Accordingly, for the reasons set forth above, and good cause shown,

**IT IS** on this **18th** day of **September 2026**, hereby

**ORDERED** that Defendants' request for Plaintiff to supplement her discovery responses and respond to Defendants' Requests for Admission as set forth above is **GRANTED in part**; and it is further

**ORDERED** that Defendants' request to compel Plaintiff to respond to the additional discovery requests as set forth above is **DENIED in part**; and it is further

**ORDERED** that Plaintiff shall supplement her discovery responses and respond to the Requests for Admission as set forth above by **October 16, 2026**; and it is further

**ORDERED** that the parties shall electronically file a joint letter regarding the status of this matter by **October 20, 2026**.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**