**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AARTI PATEL, M.D.,<br><br>Plaintiff,<br><br>-vs-<br><br>OPTUM MEDICAL CARE OF NEW JERSEY, P.C., and MAHESH TEKRIWAL, M.D.,<br><br>Defendants. | Civil Action No.: 3:24-cv-06133<br><br>**DECLARATION OF JOSEPH M. VENTO IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DNA TESTING OF PLAINTIFF** |

I, JOSEPH M. VENTO, declare under penalty of perjury the following:

1. I am a Partner at the law firm Seyfarth Shaw, LLP, attorneys for Defendants Optum Medical Care of New Jersey, P.C. ("Optum"), and Mahesh Tekriwal, M.D. ("Dr. Tekriwal") (together, "Defendants") in the above-action. I know the facts in this Declaration to be true based upon my own personal knowledge, information provided to me and/or a review of the documents associated with this action. I submit this Declaration in support of Defendants' Motion for an Order compelling Plaintiff Aarti Patel, M.D. ("Plaintiff") to submit a DNA sample for forensic testing.

2. Attached hereto as **Exhibit A** is a copy of Plaintiff's Complaint. As alleged therein, Plaintiff's employment was terminated from Optum on February 12, 2024, following an investigation Optum conducted into reports that Plaintiff had been drinking alcohol while working. Comp. ¶¶ 53-71.

3. Specifically, on January 26, 2024, several staff members at Optum's Manahawkin, New Jersey office where Plaintiff worked, raised concerns that Plaintiff had consumed alcohol at work. *Id.* at ¶ 55.

4. Attached hereto as **Exhibit B** is a true and correct copy of statements provided by staff members at Optum's Manahawkin, New Jersey office where Plaintiff worked on January 26, 2024, along with a photograph of two Fireball Cinnamon Whiskey ("Fireball") bottles discovered by Office Manager Bernadette Perrini that same day. These documents have been produced to Plaintiff during this litigation and Bates stamped as OPTUM 000103-000111.

5. Attached hereto as **Exhibit C** is a true and correct copy of the relevant portions of Bernadette Perrini's deposition.

6. Attached hereto as **Exhibit D** is a true and correct copy of the relevant portions of Plaintiff's deposition.

7. Attached hereto as **Exhibit E** is a true and correct copy of the relevant portions of the deposition of Gaurang Brahmbhatt, M.D.

8. Attached hereto as **Exhibit F** is a true and correct copy of an email exchange between me and Plaintiff's counsel wherein I requested that Plaintiff submit a DNA sample via buccal swab for testing. Plaintiff has twice denied the request to provide a DNA sample.

9. As shown in the email chain, I informed Plaintiff's counsel on January 5, 2026, that we intended to send the Fireball bottles to a forensic lab known as Guardian Forensic Sciences (the "Lab") (https://www.guardian-forensics.org/) to determine if Plaintiff's DNA is on the Fireball bottles, and invited Plaintiff's participation in the process. Ex. E.

10. Ms. Perrini shipped the Fireball bottles to the lab on January 15, 2026. The Fireball bottles have remained at the Lab since that time.

11. On April 4, 2026, Arthur Young, a technician from the Lab, reported that the Lab was unable to sufficiently detect the presence of saliva on the Fireball bottles. I informed

Plaintiff's counsel on April 7, 2026, that we intended to ask the Lab to test the Fireball bottles for fingerprints.

12. During the week of June 15, 2026, Mr. Young informed me that he was unable to locate a useable fingerprint for purposes of running a fingerprint comparison. However, Mr. Young informed me that he could test the fingerprint located on one of the Fireball bottles for the presence of DNA.

13. On July 14, 2026, Mr. Young reported to me that the Lab successfully developed two partial DNA profiles from the fingerprint located on one of the Fireball bottles and determined that each profile belongs to a female individual.

14. Mr. Young also reported to me that the Lab excluded all female Lab workers as possible matches for either DNA profile.

15. On August 21, 2026, I informed Plaintiff's counsel via email that the Lab located a fingerprint on one of the Fireball bottles from which it developed two partial DNA profiles each belonging to one or more female individuals. Ex. E at 2. I also informed Plaintiff's counsel that the Lab excluded as possible matches all female lab workers, and again requested that Plaintiff provide her DNA sample via buccal swab to the Lab for testing. *Id.* Plaintiff again refused. *Id.* at 1.

16. As demonstrated above, I state, in accordance with Local Civil Rule 37.1(b)(1), that Defendants have conferred with Plaintiff in a good faith effort to resolve the issues that necessitated the instant motion without the Court's intervention but the parties have been unable to reach an agreement.

17. In early September 2026, Ms. Perrini submitted her DNA sample to the Lab for testing. The results of that testing showed that Ms. Perrini's DNA was inconsistent with the DNA profile found on the Fireball bottles.

18. Attached hereto as **Exhibit G** is a true and correct copy of a report from Mr. Young detailing the Lab's testing on the Fireball bottles.

19. Attached hereto as **Exhibit H** is a true and correct copy of the relevant portions of Optum's Code of Conduct, produced during the litigation as OPTUM 000039-000040.

20. Attached hereto as **Exhibit I** is a true and correct copy of Plaintiff's Employment Contact, titled "Agreement…Between Aarti Patel, M.D. and Optum Medical Care of New Jersey, P.C….", produced during the litigation as OPTUM 000054-000072.

21. Attached hereto as **Exhibit J** is a true and correct copy of the relevant portions of Tracy Peterson's deposition.

22. I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 9, 2026 By: *<u>/s/ Joseph M. Vento</u>*
Joseph M. Vento