# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CIVIL ACTION:
Civil Action No. 3:24-cv-6133

AARTI PATEL, M.D.,

Plaintiff,

-vs-

OPTUM MEDICAL CARE OF NEW JERSEY, P.C., and MAHESH TEKRIWAL, M.D.,

Defendants.

DEPOSITION UPON ORAL EXAMINATION OF GAURANG BRAHMBHATT, M.D.

Tuesday, September 30th, 2025

T R A N S C R I P T of the deposition taken remotely via Zoom video conference of GAURANG BRAHMBHATT, M.D., called for oral examination in the above-entitled action, said deposition being taken pursuant to Rules governing Civil Practice in the Courts of New Jersey, by and before RENEE BETHEL, a Certified Court Reporter of the State of New Jersey, commencing at 10:00 a.m.

SCHULMAN, WIEGMANN & ASSOCIATES
Certified Court Reporters
216 Stelton Road, Suite C1
Piscataway, New Jersey 08854
(732) 752-7800 Ext. 205
Fax (732) 752-7166

G A U R A N G B R A H M B H A T T, M. D., appearing remotely and having first been duly sworn according to law, testified as follows:

DIRECT EXAMINATION BY MR. BURDEN:

Q Good morning, Dr. Brahmbhatt. My name is Jim Burden. I'm an attorney with McClure Burden, and we represent Dr. Aarti Patel in this lawsuit that she has brought against Optum Medical Care of New Jersey and Dr. Tekriwal.

We are here this morning to take your deposition. Have you ever been deposed before?

A Yes, I have.

Q Okay. And how many times?

A Approximately five to six.

Q Okay. And can you tell me briefly what those prior depositions were in relation to?

A They were for a variety. There was a couple of -- about three of them were malpractice suits against one of my physicians that I manage, that I oversee, and I had signed the interrogatory questions -- answers.

One of them was a personal malpractice suit for myself. One of them was a slip-and-fall case. I think that covers most of it.

Q Okay. Was there a point in time when Dr. Patel was put on administrative leave?
A There was.
Q And when did that happen?
A That happened approximately a couple of days after the initial incident, alleged incident.
Q And who made the decision to put Dr. Patel on administrative leave?
A It was a collective decision between myself, human resources, and our legal counsel, as well as our employee relations.
MR. DE BAUN: Dr. Brahmbhatt, I would just caution you not to discuss any advice that legal may have given or any communications that you had with legal about this incident.
Q Dr. Brahmbhatt, do you remember who in HR was part of the decision to place Dr. Patel on administrative leave?
A Our HR lead was Tracy Peterson. So it would have been Tracy Peterson.
Q Okay. How was Dr. Patel advised that she was being placed on administrative leave?
A There was another Teams meeting scheduled with myself and Tracy and Dr. Patel to make her aware.

Q And did Dr. Patel honor the request to be on administrative leave and stay away from the Optum offices?
A She did not.
Q Okay. When did she go back after this phone call?
A If I recall accurately, she went back later that same day to the office and confronted a staff member and was discussing the concerns and issues at hand.
Q So if the allegations arose on January 26th of 2024, do you remember when it was that she was placed on administrative leave?
A I don't recall the exact date.
Q In her complaint, at paragraph 55, Dr. Patel says that she had a remote meeting with yourself and Ms. Peterson on January 29, 2024. Does that sound right?
A I think so.
Q Do you remember whether you told Dr. Patel that she was on administrative leave on January 29, 2024?
A I'm sorry. What was the question again?
Q Did you tell Dr. Patel that she was on administrative leave on January 29, 2024?

A I'm not a hundred percent of that date, but yes, I did tell her she was on administrative leave.

Q Did you create any documents, any e-mails, any memos reflecting the decision to place Dr. Patel on administrative leave?

A Did I personally? I did not.

Q Okay. With respect to these allegations that Dr. Patel had left the office or consumed alcohol on January 26th, 2024, did you create any e-mails, notes, memos, text messages reflecting your interaction with respect to those issues?

A I did not. That would be something HR would do.

Q Did you ever talk directly with Ms. Perrini about the allegations of misconduct by Dr. Patel on January 26th, 2024?

A I do not believe I did.

Q Why was Dr. Patel terminated?

A Dr. Patel was terminated because she was -- when she was placed on administrative leave, she was told very clearly and directly to have no discussions with anybody at Optum about this particular subject matter and was also directly

told not to return to the office until her leave -- until any further updates.

Q Is that the entirety of --

A And then she went directly against both of those things.

And we spoke to her. "We," as in me and Tracy Peterson, spoke to her again to ask her why she did that, and she clearly told us that she did not, and she was not up front and honest.

Q Was there any other reason why Dr. Patel was terminated?

A Those were the reasons.

Q Who was involved in the decision to terminate Dr. Patel?

A Again, it's generally a collective decision between all parties. Myself, human resources, employee relations, the noncompliance team generally makes that decision.

Q Did anyone involved in the decision-making process think that Dr. Patel should not be fired?

A No.

Q Did Dr. Tekriwal ever express any opinion to you about whether Dr. Patel should be fired or not?

# C E R T I F I C A T E

I, RENEE BETHEL, a Certified Court Reporter and Notary Public of the State of New Jersey, do hereby certify that the foregoing is a true and accurate transcript of the deposition that was taken stenographically by me to the best of my ability of said witness who was first duly sworn by me at the time, place, and on the date hereinbefore set forth.

I DO FURTHER CERTIFY that I am neither a relative, nor employee, nor attorney, nor counsel of any of the parties to the action for which this deposition was taken, and further that I am not a relative or employee of any attorney or counsel in this action, nor am I financially interested in this case.

Renee Bethel, CCR

RENEE BETHEL, CCR
License No. 30X100228800