Seyfarth

**Seyfarth Shaw LLP**
620 Eighth Avenue
32nd Floor
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

jvento@seyfarth.com
T (212) 218-5548

www.seyfarth.com

November 2, 2026

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: Patel v. Optum Medical Care of New Jersey, P.C., et al.**
**Civil Action No. 3:24-cv-06133**

Dear Judge Singh:

This firm represents Defendants Optum Medical Care of New Jersey, P.C. and Mahesh Tekriwal, M.D. ("Defendants") in the above-referenced matter. The parties submit this joint letter to supplement their last joint status update provided to the Court (dated October 20), which raised two discovery disputes. (Dkt. 92.)

**Status Update: Defendants' Position**

On October 12, 2026, Plaintiff produced text messages with a recruiter named Dale Linton she communicated with concerning her job search efforts both during and after her employment with Optum ended. Plaintiff produced emails with Mr. Linton during discovery but never produced any text messages. October 22, 2026, Plaintiff produced communications between herself and three of the eight individuals (Briane Greene, Denise Shields and Sandhya Dhruvakumar) she identified during discovery as having knowledge of her claims and/or alleged emotional distress. These communications are largely from 2024 and 2025. Plaintiff did not provide any supplemental discovery response concerning her search efforts related to communications with the other five individuals, and otherwise provided Defendants no information on why the communications she recently produced were not produced during fact discovery.

On October 23, 2026, Defendants requested to re-open Plaintiff's deposition – originally conducted on October 9, 2025 – in a limited fashion concerning her supplemental document productions, which were all produced this month, well after the fact discovery period has closed. Those productions include:

- PATEL 1282-1364: produced on October 12, 2026, these documents include communications between Plaintiff and Dale Linton concerning Plaintiff's jobs search efforts through Juily 2025. Plaintiff produced various emails with Mr. Linton before but this was the first time she produced text messages with him and it is unclear why as the texts range back to 2021.

- PATEL 1365-1410: produced on October 12, 2026, in redacted form and then on October 17, 2026 in unredacted form, these documents relate to a job Plaintiff recently took with a new employer.

- PATEL 1411-1419: produced on October 22, 2026, these documents consist of text messages between Plaintiff and three individuals wherein Plaintiff discusses her pending litigation.

**Status Update: Plaintiff's Position**

As Your Honor will recall, fact discovery in this matter closed on December 19, 2025 (ECF No. 65). On October 14, 2024, Plaintiff served her Answers to Interrogatories. In her Answers to Interrogatories at No. 2, Plaintiff identified the following individuals as persons with whom she had spoken to about the case: Brian Greene, Kalpana Patel, Dr. Sandhya Dhruvakumar, Dr. Christinia Wjasow, Denise Shields, Jimmy Voelbel, Lynda Saponara and Dr. Ashok Veldanda. One year later, on October 9, 2025, Defendants deposed Plaintiff. The deposition began at 9:50 a.m. and concluded at 4:40 p.m. Mr. Vento closed the deposition and did not reserve any additional time. Thus, under Fed. R. Civ. Pro. 30, Defendants used six (6) of their seven (7) hours – but now seek an additional 2.5 hours to re-depose the Plaintiff. During the Plaintiff's deposition, the Defendants did not ask Dr. Patel a single question about her communications with Brian Greene, Kalpana Patel, Dr. Sandhya Dhruvakumar, Dr. Christinia Wjasow, Denise Shields, Jimmy Voelbel, Lynda Saponara or Dr. Ashok Veldanda.

During the entire fact discovery period, Defendants deposed only the Plaintiff and made no effort whatsoever to depose Brian Greene, Kalpana Patel, Dr. Sandhya Dhruvakumar, Dr. Christinia Wjasow, Denise Shields, Jimmy Voelbel, Lynda Saponara or Dr. Ashok Veldanda – or any other fact witness. Indeed, Defendants did not seek to depose Laura Skivone, Plaintiff's treating physician, concerning the emotional distress Plaintiff suffered.

On April 9, 2026, five (5) months after fact discovery closed, the parties appeared before the Court for a settlement conference on April 9, 2026. On April 14, 2026, the Court directed the Parties to meet and confer on a Discovery Schedule, ostensibly to wrap up any loose ends. (ECF 81.) The next day, April 15, 2026, the Defendants, for the first time, served a Deficiency letter relating to the Plaintiff's Answers to Interrogatories, which had been served eighteen (18) months earlier. Defendants also served Plaintiff with a Second Request for Production of Documents, a Second Set of Interrogatories, and First Requests for Admissions. This led to a discovery dispute resulting in the Court's September 18, 2026 Order (ECF No. 88) wherein the Court denied the Defendants' request to serve supplemental discovery, but directed the Plaintiff to provide Plaintiff's Response to Defendants' Request For Admissions, the Dale Linton and Lisa Gordon

communications, and update her mitigation documents. Plaintiff has provided those documents in accordance with the September 18, 2026 Order, which, in our view, should have ended the matter.

Defendants evidently assumed this case would simply go away and have become increasingly more desperate after their defenses collapsed during fact discovery. They now seek to delay the trial of this matter (which is approaching its three (3) year anniversary), suddenly raised additional (albeit contrived) discovery "disputes" (ECF No. 92), which will be heard by the Court on November 30, 2026. One of those "disputes" involves Plaintiff's communications with Dr. Patel's husband Brian Greene, Kalpana Patel, Dr. Sandhya Dhruvakumar, Dr. Christinia Wjasow, Denise Shields, Jimmy Voelbel, Lynda Saponara and Dr. Ashok Veldanda. On October 17, 2026, Plaintiff provided Defendants with the responsive documents. This alleged deficiency has now been cured.

Having received the documents which Defendants failed to seek for more than two years, Defendants now seek to re-open the Plaintiff's deposition to explore subject matters that they were not at all concerned about during fact discovery and at the time of her October 9, 2025 deposition and/or which had not already occurred, *i.e.,* Plaintiff's full-time employment *in Montana*, which began in July, 2026 after a 2.5 year disruption of her career caused by Defendants' wrongful conduct. Contrary to Defendants' insinuations, Plaintiff obtained her current employment long after she was deposed and therefore could not possibly have produced her new employment agreement at the time of her deposition on October 9, 2025. The Court should reject out of hand Defendants' belated efforts to further delay the prosecution of this matter, increase cost, and further disrupt Dr. Patel's practice.

It is noteworthy that while the Defendants' repeatedly claim that Plaintiff did not produce these largely innocuous communications during fact discovery, Defendants would have the court forget that they willfully withheld critical emails, text messages and the identity of key witnesses, such as Optum's COO, Dr. Mody, until Plaintiff was actually taking the depositions of the Defendants' witnesses. In fact, Plaintiff only learned about the existence of Dr. Mody and received his communications with Dr. Tekriwal hours before Dr. Tekriwal's deposition began on October 3, 2025. The belated production of these documents, the subsequent testimony thereon by Mody and other Optum managers, and the non-credible testimony of Defendant Tekriwal revealed the extent and depravity of the scheme to retaliate against Dr. Patel and sabotage her career.

In contrast, none of the subject matters identified by the Defendants above has any relevance to the Defendants' defenses or to the reasons why the Defendants terminated the Plaintiff. Nor do they relate to the belated and irrelevant DNA test issue that Defendants have belatedly sought to raise by proffering a host of manufactured and legally flawed rationales. As stated above, Defendants made absolutely no effort to explore these issues during fact discovery where their strategy focused on withholding information and suppressing documents. These are make-weight issues that were drummed up only after fact discovery closed and their defenses collapsed to delay and prolong the litigation process. In this regard, Plaintiff does not believe that Defendants produced all responsive documents or conducted a full or proper search for documents, but are nevertheless prepared to proceed to expert discovery and trial and bring this case to its just conclusion.

**Discovery Dispute**

Defendants submit the following additional dispute for the Court's ruling.

(a) The request: Defendants seek leave under FRCP 30(a)(2)(A)(ii) to re-open Plaintiff's deposition so they may question Plaintiff on the above-mentioned documents she produced after the fact discovery period ended. Defendants propose to conduct this deposition virtually and limit its duration to 2.5 hours. If necessary, Defendants request leave to file a Motion to Compel this deposition.

(b) The response: The Court should deny the Defendants' request to re-open fact discovery for another deposition of the Plaintiff. As noted above, the subject matters Defendants seek to inquire about could have been covered in her deposition but were not and have nothing to do with the reasons why the Defendants terminated the Plaintiff. Plaintiff's communications with others about her claims and/or emotional distress have nothing to do with Defendants' defenses in this case and Defendants made no effort to speak to these witnesses during fact discovery.

(c) Efforts to resolve the dispute: As noted above, Defendants' emailed Plaintiff's counsel on October 23, 2026, to request this deposition. Plaintiff's counsel responded on October 26, 2026: "We do not consent to re-opening fact discovery and will not be producing Dr. Patel for re-deposition."

(d) The position of the complaining party: Courts weigh the factors in FRCP 26(b)(2)(C) to determine if leave should be granted. *V. Mane Fils, S.A. v. International Flavors and Fragrances, Inc., C.A.*, 2010 WL 1855873, at *8 (D.N.J. May 6, 2010). "However, a party may be re-deposed when the party seeking the deposition shows good cause that intervening circumstances have occurred or that the deponent party has, among other things, failed to disclose relevant information, impeded or delayed the deposition, or produced documents in an untimely manner." *Columbus Life Ins. Co. v. Wilmington Tr., N.A.*, 344 F.R.D. 207, 226 (D.N.J. 2023). The factors courts consider include whether the discovery is unreasonably cumulative or duplicative, whether the party has had ample opportunity to obtain the information in discovery, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* All three factors weigh in Defendants' favor here.

First, this discovery is not unreasonably cumulative or duplicative because it is new information. Second, Plaintiff identified these individuals in her discovery responses and Rule 26 Initial Disclosures but never produced the subject communications with them until recently. Third, the burden and expense of the additional deposition does not outweigh the benefit. The proposed deposition would likely only take a few hours and Defendants already offered to conduct it via Zoom and on a date and time that is convenient for Plaintiff. Defendants should have an opportunity to explore the new documents with Plaintiff before trial, especially considering Plaintiff may well call these witnesses to testify at trial. These documents relate to unquestionably relevant topics: Plaintiff's job search that seemingly started before she was terminated from Optum, her locating and accepting her current role,

and communications with individuals concerning the pending litigation. If Plaintiff had timely produced the new documents, Defendants would have undoubtedly questioned Plaintiff about them at her first deposition. Defendants should not be prejudiced because they only recently learned of relevant documents Plaintiff should have produced before her deposition, and Plaintiff should not benefit from her failure to do so. There is no reason Plaintiff did not produce these communications sooner – specifically before her first deposition on October 9, 2025. Defendants specifically requested Plaintiff to supplement her discovery responses and production by letter dated April 15, 2026. (Dkt. 82 at 19.) Lastly, as demonstrated above, Defendants acted quickly to seek this deposition as they only just received the subject documents.

(e) The position of the responding party:

In order for the Defendants to modify the Court's Scheduling Order they must show "good cause." See, Vision Industries Group, Inc. v. ACU Plasmold, Inc., 2022 WL 23068988 * 1 (D.N.J. Dec. 23, 2022), the District Court denied a party's application to re-open discovery where, like here, the moving party failed to diligently pursue the sought-after discovery during the discovery period. In so doing, the District Court stated, "Under Rule 16(b), '[a] finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence.' See also, Globespanvirata, Inc. v. Tex. Instruments, Inc., 2005 WL 1638136, at *3 (D.N.J. July 11, 2005) (quoting, Rent-A-Center v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003).

"To show good cause, 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible.' " Konopca v. FDS Bank, 2016 WL 1228844, at *2, 2016 U.S. Dist. LEXIS 41002, at *4 (D.N.J. Mar. 29, 2016) (quoting Alexiou v. Moshos, 2009 WL 2913960, at *3, 2009 U.S. Dist. LEXIS 81815, at *8, (E.D. Pa. Sept. 9, 2009)). Here, it is undisputed that the Defendants made no effort at all during the fact discovery period to obtain the evidence they now seek – they asked no questions about these issues in the Plaintiff's deposition and did not seek to take the depositions of the witnesses Plaintiff timely identified. They assumed they could prevail simply by withholding information and critical documents and waited until the eve of expert discovery to even raise the matter. Defendants' sloth and gamesmanship do not constitute "good cause" to reopen discovery.

In Mincy v. McConnell, 523 Fed. Appx. 898, 900 (3rd Cir. 2013), the Third Circuit affirmed the denial of a party's belated request to re-open discovery, where like here, more than two years expired before the party sought to re-open discovery.

Here, based on the Defendants' conduct during the discovery period as described above, the Defendants cannot establish the requisite "good cause" to re-open fact discovery and re-depose the Plaintiff.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Joseph M. Vento*

Joseph M. Vento

cc: All Counsel of Record (via ECF)